# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**December 6, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**KATHERINE A.,**
**Petitioner Below, Petitioner**

**v.) No. 24-ICA-213**    (Fam. Ct. Ohio Cnty. Case No. FC-35-2022-82)

**JERRY A.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Katherine A.[1] ("Mother") appeals the Family Court of Ohio County's April 29, 2024, final order directing her to pay Respondent Jerry A. ("Father") $30,000 in attorney's fees. Father responded in support of the family court's decision.[2] Mother filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This Court previously addressed multiple underlying issues in this case.[3] Thus, because those decisions contain detailed factual recitations, we only need to briefly discuss the facts of the case in this decision.

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Mother is represented by Elgine Heceta McArdle, Esq. Father is represented by Paul J. Harris, Esq.

[3] *See Katherine A. v. Jerry A.*, 248 W. Va. 672, 889 S.E.2d 754 (Ct. App. June 15, 2023) (memorandum decision) (*Katherine A.*—1); *Katherine A. v. Jerry A.*, Nos. 23-ICA-427 and 23-ICA-462, 2024 WL 3581316 (W. Va. Ct. App. July 30, 2024) (memorandum decision) (*Katherine A.*—2).

1

The parties were previously married and share two children, born in 2011 and 2017, respectively. During the marriage, Mother earned a six-figure salary, and her job required her to work out of town multiple days per month. Father earned significantly less. At some point, the parties agreed that Mother would find new employment with less travel requirements. In April of 2022, Mother received a job offer to work for a law firm in Washington, D.C., which was approximately five hours from the parties' marital home. The job offer included a higher salary, potential bonuses, benefits, relocation costs, and the ability to work from home two days per week with flexible work hours and limited travel. Several weeks after Mother received the job offer, she asked Father to relocate to Northern Virginia as a family. Father declined to relocate, and Mother filed for divorce seeking to relocate with both children.

By order entered August 17, 2022, the family court denied Mother's request to relocate with the children, reasoning that Father's involvement with the children while Mother worked superseded Mother's daily caretaking functions. Mother appealed that decision to this Court; as set forth in *Katherine A.*—1, we reversed the family court's order and remanded that matter for the family court to conduct a full and meaningful analysis regarding the best interests of the children and whether Mother had sought any other reasonable alternative to her chosen place of relocation, pursuant to West Virginia Code § 48-9-403(d)(1)(C) (2021). *Katherine A.*, 248 W. Va. at 684, 889 S.E.2d at 766.

A remand hearing was conducted, and on August 28, 2023, the family court entered its final order holding that it was in the children's best interest to remain with Father in West Virginia and that Mother did not seek "reasonable alternatives" prior to accepting her job offer in Washington, D.C. Thereafter, Mother filed a motion with the family court to reconsider its August 28, 2023, order. Mother's motion for reconsideration was denied by order entered on October 5, 2023. Mother appealed the August 28, 2023, and October 5, 2023, orders, and upon Mother's motion, we consolidated the matters for appeal. This Court entered a memorandum decision on July 30, 2024, affirming both family court orders.

While two of the family court's orders were on appeal with this Court, the parties continued to litigate spousal support, child support, and attorney's fees in family court. A hearing was held on these issues on September 22, 2023. At that hearing, Father sought payment of his attorney's fees totaling $40,294.50, due to the parties' disparity in income. Mother, in contrast, sought payment of her attorney's fees, alleging that Father refused to accept her reasonable offer. The family court ruled in favor of the Father and made the following findings: (1) Mother's gross monthly income is $24,583.33; (2) Father's gross monthly income is $1,855.00; (3) the vastly disparate income weighs in favor of Father; (4) Mother's standard of living would not substantially change by the award of an attorney fee reimbursement; (5) neither party was more at fault in the dissolution of the marriage; (6) Father's counsel spent a great deal of time on the case, as the issues were unique and his $300 hourly rate was reasonable; (7) Father's rejection of Mother's settlement offer

was not considered; (8) Mother's request for attorney's fees was denied; and (9) Father was awarded $30,000 in attorney's fees, to be paid by Mother in the sum of $2,000 per month for fifteen months. The family court entered its order on April 29, 2024. It is from that order that Mother now brings her appeal.

For these matters, we apply the following standard of review.

When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Mother raises one assignment of error. She asserts that the family court failed to conduct a meaningful analysis of the pertinent facts related to the issue of the parties' respective claims for attorney fees in awarding $30,000.00 to Husband and denying Wife's claim for attorney's fees as an offset for Father's intransigent conduct. We disagree.

West Virginia Code §§ 48-1-305(a)-(b) (2001) states, in part, "[c]osts may be awarded to either party as justice requires. . . ." and "[t]he court may compel either party to pay attorney's fees and court costs reasonably necessary to enable the other party to prosecute or defend the action." Additionally, Syl. Pt. 4 of *Banker v. Banker*, 196 W. Va. 535, 474 S.E.2d 465 (1996) states as follows:

In divorce actions, an award of attorney's fees rests initially within the sound discretion of the family law master and should not be disturbed on appeal absent an abuse of discretion. In determining whether to award attorney's fees, the family law master should consider a wide array of factors including the party's ability to pay his or her own fee, the beneficial results obtained by the attorney, the parties' respective financial conditions, the effect of the attorney's fees on each party's standard of living, the degree of fault of either party making the divorce action necessary, and the reasonableness of the attorney's fee request.

Here, the family court conducted a thorough analysis of all *Banker* factors and determined that attorney's fees should be awarded to Father. Because the family court properly weighed the *Banker* factors, we cannot find that the court abused its discretion, as the record below supports the family court's findings. Specifically, the court found the following: (1) the vastly disparate income of the parties weighs in favor of Father's right

to an attorney fee award; (2) Mother's standard of living would not substantially change by the award of an attorney fee reimbursement; (3) neither party was more at fault in the dissolution of the marriage; and (4) Father's counsel spent a great deal of time dealing with unique issues in this case. Additionally, we note that the award of attorney's fees to one party is an implicit denial of fees to the other. *See In re Tiffany Marie S.*, 196 W. Va. 223, 231, 470 S.E.2d 177, 185 (1996) (A reviewing court may not overturn a family court's finding simply because it would have decided the case differently).

Accordingly, we affirm the Ohio County Family Court's April 29, 2024, order.

Affirmed.

**ISSUED:** December 6, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear